Evelyn Bacon, Respondent, *v.* Vincent R. Celeste, Appellant.

First Department, July 9, 1968.

*Julius S. Christensen* of counsel (*Christensen & Caliendo,* attorneys), for appellant.

*Robert Conason* of counsel (*Herman Schmertz* with him on the brief; *David Lieberman,* attorney), for respondent.

Eager, J. The defendant appeals from a judgment entered upon a jury verdict for plaintiff in a personal injury action. The plaintiff, a pedestrian, was struck by defendant's automobile at a street intersection. We conclude that the charge of the court on the question of contributory negligence, in response to the request of the jury for further instructions, was so unclear as to preclude a proper consideration of the issue by the jury.

A crucial issue in the case was whether or not plaintiff had exercised proper care in crossing the street, including her observations, if any, as to traffic. During its deliberations, the jury returned to the courtroom and asked for further instructions " as to the law regarding contributory negligence ". A juror stated: " I think the confusion lies in whether there is a degree of contributory negligence or whether it is an absolute constant; in other words, if it is ascertained one or the other party, for example, the plaintiff, contributed to a degree, whether that is tantamount to contributory negligence and that covers the fact." The court replied, *inter alia,* that if " the plaintiff substantially contributed to the happening of the accident, then, of course, the plaintiff is not entitled to recover." Thereupon, defendant's counsel asked the court to charge the jury that

" if they find the plaintiff negligent, even in the slightest degree in contributing to the happening of this accident, their verdict must then be in favor of the defendant." The court, however, expressly refused to charge as requested and instead proceeded to give " another further clarification ", stating to the jury that " negligence of the slightest of the defendant will be sufficient to impose liability on the defendant provided his negligence is a substantial factor in causing the plaintiff's injury. Negligence, however slight of the plaintiff, will be sufficient to bar recovery by her provided her negligence is a substantial factor in causing her injury." Defendant's counsel excepted on the basis that the jury " may get the idea that detracts from the slightness. * * * You modified it by saying ' substantial.' "

The final instructions to the jury with emphasis on the word " substantial " could permit it to conclude that the plaintiff's negligence would defeat her right to recovery only if it were substantial in degree. This is contrary to the settled law in New York that the contributory negligence of plaintiff and the alleged negligence of the defendant shall not be weighed and that the consequences of the concuring acts of negligence shall not be apportioned; if the plaintiff's negligence in any degree contributes to cause the accident, that is sufficient to bar a recovery. (See *McKay* v. *Syracuse R. T. Ry. Co.*, 208 N. Y. 359, 363; *Fitzpatrick* v. *International Ry. Co.*, 252 N. Y. 127, 134; *Jean* v. *Algonquin Hotel Co.*, 258 App. Div. 127.)

Generally, the term " substantial factor " may be used in a charge in a negligence case only in relation to a proper and adequate discussion of the issue of causal relation or proximate cause. In this connection, the term " substantial " is used to denote the fact that negligence, in order to support a recovery, should have " such an effect in producing the harm as to lead reasonable men to regard it as a cause ". (Restatement, 2d, Torts, vol. 2, § 431; see, also, PJI 2:35, p. 128; *Klein* v. *Herlim Realty Corp.*, 184 Misc. 852, affd. 269 App. Div. 934; *Waterman* v. *State of New York*, 19 A D 2d 264, affd. *sub nom. Williams* v. *State of New York*, 14 N Y 2d 793.) Thus it may be technically correct to say that contributory negligence is not considered as a proximate cause of a plaintiff's injury unless it was a " substantial factor " in producing the injury, but it is also true that any negligence on the part of a plaintiff which contributes to cause the injury, precludes a recovery by plaintiff whether or not such negligence is " substantial " in degree. The subtleties involved in such a statement, without elaboration, are, however, too refined to be grasped by the ordinary jury.

Although a charge may be substantially correct as stating the applicable law, it is important that it be reduced to terms likely to be understood by the jury. (See *Cohon & Co.* v. *Pennsylvania Coal & Coke Corp.*, 10 A D 2d 667.) Where, as here, a charge is so inadequate or of so confusing a character as to preclude fair consideration by the jury, a resulting judgment will be reversed and a new trial ordered in the interests of justice. (See *Molnar* v. *Slattery Contr. Co.*, 8 A D 2d 95, 100; *U. S. Vitamin & Pharm. Corp.* v. *Capitol Cold Stor. Co.*, 21 A D 2d 661.)

Although some of us in the majority are of the opinion that the trial court improperly excluded certain of the portions of the hospital record which were offered in evidence, we do not find it necessary to reach and determine the questions presented in this connection. The questions may not arise on a retrial and, in any event, we may assume that the trial court will properly rule in connection with the well-settled applicable principles.

The judgment for plaintiff should be reversed, on the law and on the facts, and in the interests of justice, and a new trial ordered, with costs and disbursements to abide the event.

STEVENS, J. P. (dissenting). I dissent and vote to affirm. On the testimony there was an issue of fact as to the negligence of defendant which the jury resolved in favor of the plaintiff. While the use of the term " substantial " might not have been the most apt expression, the charge taken as a whole, as it must be, fairly informed the jury of the applicable principles. The use of the term " substantial " occurred during the giving of further instructions to the jury. The original charge with respect to negligence, contributory negligence and proximate cause had not been excepted to. The only exception was with respect to intoxication. The additional instructions did not favor either party. The jury was instructed that liability could be imposed upon the defendant only if his negligence was a substantial factor in causing the plaintiff's injury. Conversely, recovery by the plaintiff was barred if her negligence, however slight, was a substantial factor (see, Restatement, 2d Torts, §§ 430, 431, comment *a,* also §§ 432, 433; cf. PJI 2:70). It was not error to exclude the alleged statement of plaintiff as to her daily quantitative capacity for alcohol. There was no proof that plaintiff was intoxicated at the time of the accident, nor was there any competent evidence that she had imbibed to the extent of her potential, assuming the alleged statement to be correct. Most important, however, is the fact that there is absolutely no evidence that her alleged proclivity for drink, if it be such, contributed in any way to the accident. In fact the defendant's

own testimony was to the effect that plaintiff was walking straight in her journey across the street, and that she was in the pedestrian crosswalk at the time of the impact. In fact it was conceded that plaintiff was crossing on the northerly crosswalk of the street at 156th Street and Amsterdam Avenue.

As to the objections with respect to the hospital entries, the summary note made more than one month after plaintiff's discharge as a patient from the hospital was properly excluded. It included a portion of the admission note which was pure hearsay and based entirely upon information given by plaintiff's sister and daughter including their belief as to whether plaintiff had any solid food intake between lunchtime and the time of the accident, approximately 7:30 P.M. Nor was there any blood test to ascertain the percentage of alcohol present. In light of the nature and extent of the injuries suffered, such statements could hardly be considered germane to plaintiff's diagnosis and treatment (*Williams* v. *Alexander*, 309 N. Y. 283).

STEUER, TILZER and MACKEN, JJ., concur with EAGER, J.; STEVENS, J. P., dissents in opinion.

Judgment reversed upon the law and the facts, and in the interests of justice, and a new trial ordered, with $50 costs to the appellant to abide the result of the final judgment in the action.