**Carolyn A. BAZYDLO, Plaintiff-Appellee,**

v.

**PLACID MARCY CO., Inc., Defendant-Appellant.**

**No. 483, Docket 33348.**

United States Court of Appeals, Second Circuit.

Argued Jan. 21, 1970.

Decided March 3, 1970.

Irwin M. Strum, New York City (Bernard Helfenstein, Brooklyn, N. Y., of counsel), for defendant-appellant.

Milton Garber, Hoboken, N. J. (Baker, Garber, Chazen & Duffy, George J. Duffy, Hoboken, N. J., of counsel), for plaintiff-appellee.

Before MOORE, FRIENDLY and HAYS, Circuit Judges.

PER CURIAM:

Carolyn A. Bazydlo and a girl friend were using a toboggan run on January 17, 1965 as guests of the Hotel Marcy, owned by the appellants, Placid Marcy Co., Inc. The toboggan run had been designed and built by the hotel for the use of its guests. The hotel also furnished toboggans for its guests. During the fourth or fifth time down the elevated chute and along the snow covered track, the toboggan failed to negotiate a turn. It went over the foot-high snow sidewall maintained by the hotel to keep the toboggan on the track. Just six feet from the turn was the steel A-frame of a swing in a children's playground. The toboggan hit a steel pole; Miss Bazydlo's knee hit the pole; she turned a somersault and hit the ground.

█ Appealing from a judgment entered on a jury verdict in favor of Miss Bazydlo, the hotel maintains that it has not been shown negligent and that Miss Bazydlo assumed the risk as a matter of law. We find sufficient evidence in the record to support the jury's finding on the issue of liability. The hotel recognized the risk that a toboggan might leave the run and failed to maintain the sidewalls sufficiently to turn the toboggan away from obstructions. See Barret v. Lake Ontario Beach Improvement Co., 174 N.Y. 310, 66 N.E. 968, 61 L.R.A. 829 (1903).

During its deliberation, the jury requested a:

"Rereading of his Honor's charge on preponderance of evidence and contributory negligence, specifically if there is any degree of contributory negligence on the part of the plaintiff, must we find for the defendant."

The trial court responded:

"[If] you find that the plaintiff's own negligence was a substantial factor —I repeat that—was a substantial factor in causing her accident, then she was guilty of contributory negligence and cannot recover. It doesn't matter how great or small her negligence was, but you must find that it was a substantial factor in causing the accident."

The hotel, relying on Bacon v. Celeste, 30 A.D.2d 324, 292 N.Y.S.2d 54 (1st Dep't 1968), contends that the charge might have led the jury to believe that there must be substantial negligence on the part of the plaintiff to bar her recovery. In the *Bacon* case, the New York court, recognizing "substantial factor in causing the [accident]" as correct in explaining proximate cause, nevertheless found that language to be confusing in the circumstances there presented. The facts of *Bacon* reveal that language was used there to correct a confusing supplementary charge which contained the words "substantially contributed" in a description of the degree of contributory negligence. The potential for confusion of the jury was much greater in *Bacon* than in the circumstances presented on this appeal.

██ A distinction must be made between the quantum of contributory negligence which bars recovery (which need be only "slight") and the causal relation between that negligence and the accident (which must be negligence that is "a substantial factor in bringing about the harm," Restatement (Second) of Torts § 431 (1965). Prosser, Torts 431 (3d ed. 1964) quoted with approval in Juaire v. Narden, 395 F.2d 373, 380 n. 1 (2d Cir. 1968). Here, the language in the charge, "It doesn't matter how great or small her negligence was" refers to the quantum of negligence, while the language "substantial factor in causing her accident" refers to proximate cause. Neither element was so overemphasized as to cause the confusion present in *Bacon, supra.* We do not believe the charge to be too subtle to be grasped by the ordinary jury.

█ Although high, we do not find the verdict of $55,000 to be "so high that it would be a denial of justice to permit it to stand." Dagnello v. Long Island R.R., 2 Cir., 289 F.2d 797, 806 (1961); Grunenthal v. Long Island R.R., 393 U.S. 156, 159, 89 S.Ct. 331, 21 L.Ed.2d 309 (1968).

Judgment affirmed.