**Theodore BENAZET, Plaintiff-Appellee,**

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, Defendant and Third-Party Plaintiff-Appellant,**

v.

**ERIE LACKAWANNA RAILROAD COMPANY, Third-Party Defendant-Appellee.**

**Nos. 474, 475, Dockets 35278, 35279.**

United States Court of Appeals, Second Circuit.

Argued March 16, 1971.

Decided April 23, 1971.

---

Joseph P. Altier, New York City (Bromsen & Gammerman, New York City, on the brief), for plaintiff-appellee.

Devereux Milburn, New York City (Carter, Ledyard & Milburn, Frank G. Kurka, James J. Mennis and Jerome L. Getz, New York City, on the brief), for Atlantic Coast Line Railroad Company, defendant and third party plaintiff-appellant.

Lloyd W. Roberson, New York City, for Erie Lackawanna Railroad Company, third party defendant-appellee.

Before SMITH and MOORE, Circuit Judges, and TIMBERS, District Judge.*

TIMBERS, District Judge:

Appellant Atlantic Coast Line Railroad Company (Atlantic) appeals from a $200,000 judgment entered against it after a four day jury trial in the United States District Court for the Southern District of New York, Irving Ben Cooper, *District Judge*, and from an order entered by Judge Cooper after trial dismissing Atlantic's third party complaint against the Erie Lackawanna Railroad Company (Erie). 315 F.Supp. 357 (S.D.N.Y.1970).

The accident occurred July 30, 1964. Plaintiff was employed as a yard brakeman by Erie. He sustained injuries while working on a box car owned by Atlantic. The box car was being moved from the shore near Jersey City, New Jersey, over a float bridge and on to a carfloat which is a barge with railroad tracks to accommodate railroad cars. The carfloat was owned by Erie. It was moored on the Hudson River which is part of the navigable waters of New York Harbor just off the Jersey shore. Plaintiff fell from the box car to the deck of the carfloat. His fall was caused by a defective handbrake on the box car which he was attempting to tighten while standing on a footboard which had rotted and decayed. When the footboard and handbrake assembly gave way, plaintiff was catapulted to the deck of the carfloat. No issue is raised on this appeal with respect to the defective conditions of the box car owned by Atlantic being the proximate cause of plaintiff's injuries.

Atlantic's essential claims on appeal are (1) that the case was erroneously submitted to the jury on the issue of contributory negligence; (2) that Atlantic's asserted right of contribution between joint tort feasors in a non-collision case was erroneously rejected in the dismissal of its third party complaint against Erie; and (3) that the trial judge erroneously refused to set aside the verdict as excessive. Finding no error, we affirm.

---

* Chief Judge of the District of Connecticut, sitting by designation.

## I.

■ We need not tarry long over Atlantic's claim that the case was erroneously submitted to the jury on the issue of contributory negligence. In the first place, in response to a written interrogatory submitted with the approval of all counsel, including Atlantic's, the jury expressly found that plaintiff was not contributorily negligent; and our independent examination satisfies us that this finding is adequately supported by the record. Furthermore, Atlantic's counsel not only did not object to the manner in which the judge submitted the issue of contributory negligence to the jury, but he participated in the formulation of the charge as given on this issue.

What happened was somewhat unusual. At the conclusion of the third day of the trial of an action that had been pending for four years, counsel for Erie submitted a memorandum of law indicating for the first time that general maritime law governed rather than the common law as all counsel and the judge had supposed up to that point. Confronted with this development at the close of the evidence and on the eve of summations and charge, Judge Cooper resorted to what strikes us as a sensible, practical method of resolving the dilemma: he invited all counsel to confer with him and to participate in the formulation of the charge and written interrogatories to be submitted to the jury, especially on the issue of contributory negligence. They did. There emerged a charge, agreed to by all counsel, under which the jury was instructed with respect to the applicable rule of contributory negligence under common law (complete bar to recovery) and under general maritime law (comparative negligence). The charge was accompanied by seven written interrogatories, also agreed to by all counsel, in response to which the jury was instructed to decide (No. 3) whether plaintiff had es-

tablished "that he exercised due care for his own safety" (which the jury answered in the affirmative); or (No. 5), in the event its answer were in the negative to No. 3, whether defendant had established "that plaintiff was contributorily negligent" and, if so, "what per cent" (which the jury did not answer, having answered No. 3 in the affirmative).[1]

We have no doubt that the trial judge, if given more time to determine whether the common law or general maritime law governed, would have preferred to have submitted the issue of contributory negligence to the jury differently. We are satisfied, however, under the circumstances that essential justice was done. And certainly Atlantic is foreclosed from claiming error with respect to a charge in which it acquiesced and to which it interposed no objection until after the return of a substantial verdict against it.

## II.

Altantic's third party claim against Erie was based alternatively on indemnity or contribution between joint tort feasors. At trial, in response to the judge's inquiry before charging the jury, Atlantic's counsel withdrew its indemnity claim. Such withdrawal was confirmed by Atlantic's counsel at the time of oral argument before us.

Atlantic however continues vigorously to press its contribution claim before us as it did below. It points to the jury's answers to written interrogatories Nos. 6 and 7 where the jury found Erie, as well as Atlantic, to have been negligent, and Erie's negligence to have been a substantial factor in bringing about plaintiff's injuries. Atlantic's contribution claim, so far as the equities are concerned, is appealing. But the controlling law is to the contrary.

■■ Plaintiff having been injured aboard a vessel upon navigable waters,

---

[1]. The seven written interrogatories, together with the jury's responses, are set forth in full in the District Court's opinion. 315 F.Supp. 357, 360 n. 1.

clearly general maritime law controls. Kermarec v. Compagnie Generale, 358 U.S. 625, 628 (1959); Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 409 (1953). The Supreme Court has expressly held that under general maritime law there is no contribution among joint tort feasors in a non-collision case, noting that "because Congress while acting in the field has stopped short of approving the rule of contribution here urged, we think it would be inappropriate for us to do so." Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 285–87 (1952).

Atlantic urges a variety of arguments, not without ingenuity, which add up to an invitation to us either to ignore *Halcyon* or to urge the Supreme Court to overrule it. We decline the invitation and adhere to the view expressed by this Court, through Judge Friendly, in McLaughlin v. Trelleborgs Angfartygs A/B, 408 F.2d 1334, 1338 (2 Cir.), cert. denied, 395 U.S. 946 (1969):

> "So long as Halcyon v. Haenn . . . remains on the books, inferior federal courts will do better to abstain from further adventures in this wonderland and leave doctrinal development to the Supreme Court . . . ."

For substantially the same reasons, we likewise decline Atlantic's invitation to permit "supplementation" of general maritime law with the New Jersey Joint Tortfeasors Act, N.J.Rev.Stat. § 2A:53A (1952). Aside from the controlling bar of *Halcyon* to contribution in a non-collision case, we note that it is doubtful that the New Jersey statute is applicable to a third party action against the employer of an injured plaintiff. Farren v. New Jersey Turnpike Authority, 31 N.J.Super. 356, 106 A.2d 752 (App.Div. 1954). And in any event, Atlantic's basic argument that a state statute on contribution may be applied to fill a void in federal maritime law completely misses the point of *Halcyon*. There the Supreme Court did not create a *void* in the maritime law; it squarely held there is *no right of contribution* among tort feasors in a non-collision case.

We hold that Judge Cooper correctly dismissed Atlantic's third party complaint against Erie.

### III.

Finally, Atlantic claims that the trial judge erred in refusing to set aside the $200,000 verdict as excessive and it urges us to order a remittitur.

Plaintiff, 37 years of age, sustained serious and painful injuries to his face, head, both legs and back. He has a 50% permanent disability in the use of his right leg and a 35% disability in the use of his left leg and low back. He was hospitalized for five weeks and was out of work for approximately one year following the accident. His annual wages were roughly $6,000. His life expectancy was 35 years, his working expectancy 22 years. His hospital and medical expenses were approximately $3,000. While he has returned to his former job, the record clearly establishes the permanency of his injuries, the diminution of his prospective earnings and the extent of his pain and suffering, past and future.

We note that the trial judge, who, along with the jury, was in a better position than we to observe plaintiff's demeanor and to assess his injuries, had this to say:

> " . . . we can well understand how the jury came to regard plaintiff's testimony as forthright, clean and without exaggeration. That portion of the entire trial record which concerns itself with the pain and suffering endured, and clearly to be anticipated, demonstrates experiences of deep-seated unremitting and excruciating pain, both physical and mental, over an extensive period of time."

We hold that the verdict, while substantial, was not excessive. It was not "so high that it would be a denial of justice to permit it to stand." Dagnello

v. Long Island R. R. Co., 289 F.2d 797, 806 (2 Cir. 1961). Nor was it "fantastic." La France v. New York, N. H. & H. R. R. Co., 292 F.2d 649, 650 (2 Cir. 1961), aff'g 191 F.Supp. 164, 168–71. See also Gasperino v. Larsen Ford, Inc., 426 F.2d 1151, 1154 (2 Cir. 1970); Bazydlo v. Placid Marcy Co., 422 F.2d 842, 843 (2 Cir. 1970); Diapulse Corp. of America v. Birtcher Corp., 362 F.2d 736, 744 (2 Cir.), cert. dismissed, 385 U.S. 801 (1966).

Affirmed.