■ RICHARD SIEGELMAN, Respondent, v. RAYMOND TRUELSON et al., Defendants, and ELDRIDGE E. MYERS, Appellant.— In a negligence action to recover damages for personal and property injuries, defendant Myers appeals from a judgment of the Supreme Court, Queens County, entered February 22, 1971, in favor of plaintiff, upon a jury verdict. Judgment reversed, on the law, and new trial granted as between plaintiff and defendant Myers on the cause for personal injuries, with costs to abide the event. The questions of fact have been considered and a new trial would not be granted upon those questions. The trial court's instruction to the jury as to contributory negligence constituted prejudicial error. The charge was unduly confusing, as it discussed this issue in terms of whether plaintiff's negligence was a "substantial factor " in producing the injury, without clearly explain-

ing that the jury's consideration of whether it was a "substantial factor" was related *only* to the issue of causal relation or proximate cause, and instead permitted them to conclude that plaintiff's negligence would be a bar to recovery only if it were substantial in degree. Under the circumstance here, where the question of contributory negligence is a close one, and in which the charge was given over objection, a new trial is required (*Bacon* v. *Celeste*, 30 A D 2d 324; *Ortiz* v. *Kinoshita & Co.*, 30 A D 2d 334; *Maggio* v. *Mid-Hudson Chevrolet*, 34 A D 2d 567; *Acerra* v. *Trippardella*, 34 A D 2d 927). Rabin, P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.