■ ESTHER B. GILL, Plaintiff, and GRACE D. OSBORNE et al., Respondents, v. CURTIS ANDERSON, Appellant.— In a negligence action to recover damages for personal injuries, loss of services, etc., defendant appeals from a judgment of the Supreme Court, Queens County, entered June 8, 1971, in favor of plaintiffs Grace D. Osborne and Joseph Osborne, upon successive jury verdicts after a split trial, separately on the issues of liability and damages, the jury award for damages for said plaintiffs being $11,000 and $1,000, respectively. Judgment reversed, on the law, and new trial granted, with costs to abide the event. We have considered the questions of fact and have determined that we would not grant a new trial upon those questions. Reversible error was committed when the trial court, in charging the jury on contributory negligence, gave the following instruction: "If you find that the plaintiff or plaintiffs were negligent and that their negligence was a *substantial factor* in producing his or their injuries, your verdict will be for the defendant" (italics supplied). Such a charge has been held erroneous in recent cases with somewhat similar facts as the one at bar (*Maggio* v. *Mid-Hudson Chevrolet*, 34 A D 2d 567; *Bacon* v. *Celeste*, 30 A D 2d 324; *Siegelman* v. *Truelson*, 39 A D 2d 722). The infirmity of the charge is that it indicates to the jury that a plaintiff's contributory negligence will bar recovery only where it substantially contributes to the accident, while the settled law is that a plaintiff's negligence in any degree which contributes to the accident will bar a recovery (*Bason* v. *Celeste, supra*, p. 325). We also note that the inference which may be drawn when a party fails to call a witness under his control is that the evidence already in may be taken most strongly against him (*Noce* v. *Kaufman*, 2 N Y 2d 347, 353). However, a jury may not infer that such a witness would, if called, testify unfavorably to the party who failed to call him (*Raimondo* v. *Fairchester Bakers*, 265 App. Div. 861). The jury is not authorized to speculate as to what the uncalled witness would testify to (*Milio* v. *Railway Motor Trucking Co.*, 257 App. Div. 640). In charging that the jury could infer that a missing witness' testimony would have been adverse to the party not calling him, the trial court went beyond the principles stated above. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.