■ JULIA GALLO, Appellant, v. THERESA NIGRO et al., Respondents.— Judgment, Supreme Court, Bronx County, entered on April 18, 1972, in favor of defendants, after trial by court and jury, reversed, on the law, and a new trial directed, with $60 costs and disbursements to abide the event. It would have been improper for the court to have charged, as requested by plaintiff's attorney, that " negligence, however slight, of the plaintiff, will be sufficient to bar recovery by her provided her negligence is a *substantial factor* in causing injury." (Italics added.) (*Acerra* v. *Trippardella*, 34 A D 2d 927; *Gill* v. *Anderson*, 39 A D 2d 941, and cases cited therein.) We note, however, that such

refusal followed the charge that, in order for plaintiff to recover, defendants' negligence must be the proximate cause of the injury and that defendants' act or omission is a proximate cause " if it was a *substantial factor* in bringing about the injury ". (Italics added.) This latter statement, when made within the context of an otherwise proper charge, would not ordinarily, by itself, constitute error. However, we feel that, on this record, it does. The court's refusal to use the term " substantial factor ", when defining plaintiff's obligation, after it had used such term in explaining defendants' obligation, although legally proper, may well have been confusing to the jury in this close case. Having used the term in defining proximate cause as affecting the acts of the defendants and their relation to the accident, there should have been a more adequate and more elaborate discussion of the term in an attempt to eliminate possible confusion in the minds of the jurors. It is not easy for the average layman to properly understand the meaning of the term. As was said by the court in *Bacon* v. *Celeste* (30 A D 2d 324, 325) : " The subtleties involved in such a statement, without elaboration, are, however, too refined to be grasped by the ordinary jury." Concur — Nunez, J. P., Kupferman, Murphy and Capozzoli, JJ.; Lane, J., dissents in the following memorandum : I would affirm the determination of the court and jury below. The majority has in fact conceded that there was no error in the charge. A reading of the entire charge does not leave one with a confused impression of the definitions of any of the essential terms, such as negligence, contributory negligence or proximate cause.