■ ROSWITHA FUKAE et al., Respondents, et al., Plaintiff, v. ELIZABETH BISHOP et al., Appellants.— Judgment, Supreme Court, New York County, entered October 7, 1972, in favor of plaintiffs on the issue of liability, is unanimously reversed, on the law, and vacated, and a new trial directed, with $60 costs and disbursements to abide the event. The trial court's charge to the jury on contributory negligence constituted reversible error. The court, at the request of counsel for the defendant, charged the jury: "Contributory negligence, to be a bar to this action need not be a substantial factor. Any contributory negligence contributing to the happening of the accident, no matter how slight, will bar recovery on the part of the plaintiff." Immediately thereafter, upon request of counsel for the plaintiff, the court charged that: "Contributory negligence * * * to be a bar to [plaintiffs'] recovery, must [be] * * * [the] proximate cause of the accident and that a proximate cause of an accident is defined as one which is a substantial factor in ? inging about the accident." Such charge, without further elaboration on the relevance of the term "substantial factor", has been held to be error time and again. (*Gill* v. *Anderson*, 39 A D 2d 941; *Siegelman* v. *Truelson*, 39 A D 2d 722; *Maggio* v. *Mid-Hudson Chevrolet*, 34 A D 2d 50?; *Ortiz* v. *Kinoshita & Co.*, 30 A D 2d 334; *Bacon* v. *Celeste*, 30 A D 2d 324.) As noted in the cases above cited, the problem with such charge, while perhaps technically correct, is that the use of the term "substantial factor" with respect to proximate cause may be considered by the jury to mean that plaintiff's contributory negligence will bar recovery only if it is substantial in degree which, of course, is contrary to New York law. Hence, as discussed in *Bacon* v. *Celeste* (*supra*) when the words "substantial factor" are used in a charge in a negligence case, they should be used "only in relation to a proper and adequate discussion of the issue of causal relation or proximate cause". (*Bacon* v. *Celeste, supra*, p. 325.) The charge herein was not limited in such manner nor was there adequate clarification of the terms used. Concur — Stevens, P. J., Murphy, Lane, Steuer and Tilzer, JJ.

■ In the Matter of the Arbitration between PSATY & FUHRMAN, INC., Respondent, and POTOMAC IRON WORKS, INC., Appellant.— Order, Supreme Court, New York County, entered on May 5, 1972, granting, in part, petitioner's application to stay arbitration as to certain items (referred to as "Quotes"), unanimously modified, on the law, to the extent of denying such motion as to Quotes 3455 and 2651. Except as so modified, said order is affirmed, without costs and without disbursements. Both of these items clearly fall within the ambit of the contractual provision for arbitration. The disputed issues raised regarding the validity of a reciept and whether or not an effective limitation has been imposed on an ordered "extra" relate to the merits of the controversy and are for the arbitrators alone to determine. Concur — Stevens, P. J., Murphy, Lane, Steuer and Tilzer, JJ.