FLORENCE HOUSE, as Administratrix with Limited Letters of the Estate of PAUL D. HOUSE, SR., Deceased, Respondent-Appellant, v ERNEST F. REIMANN, Appellant-Respondent.

Third Department, June 26, 1975

*Carter, Conboy, Bardwell & Case (James M. Conboy* of counsel), for appellant-respondent.

*Lyons & Duncan (Condon A. Lyons* of counsel), for respondent-appellant.

GREENBLOTT, J. P. In this action for pain and suffering and wrongful death resulting when the decedent, Paul D. House, Sr., a pedestrian, was struck and killed by a vehicle owned and operated by the defendant Reimann, the jury returned a verdict of $10,000 for pain and suffering and $75,000 (plus funeral expenses of $1,729.20) in the action for wrongful death.

The facts, so far as relevant to the issues raised on this appeal, are, briefly, as follows. Decedent was struck by defendant's vehicle at about 10:45 P.M. on August 27, 1970 while said vehicle was being operated in a southerly direction on Route 9 in the Town of Colonie at a point approximately 1,500 feet south of the Latham Traffic Circle. The road at this point was a four-lane highway, with the northbound and the southbound lanes separated by a mall four to six feet wide. The road descends as it approaches the traffic circle so as to pass thereunder and ascends after having passed thereunder, and there are access ramps on each side of Route 9, north and south of the circle, adjacent to which there are retaining walls. Decedent had a flat tire wherefore he had pulled his car off the west side of Route 9 and had crossed the highway to a gasoline station on the eastern side thereof to use a telephone, after which he had started back across the highway. The defendant first saw the decedent when the latter was approximately 900 feet away, at which point the defendant, who had moved to the left of the southbound side of the road, because of the possibility of merging traffic coming in on the right, removed his foot from the accelerator but maintained his course. Defendant testified that he continued to keep the decedent in constant view, but sounded his horn, applied his brake, and steered to the right only when the decedent, who was now only 50 to 60 feet from the vehicle, began to run in a staggering manner in a northwesterly direction across the

southbound portion of the highway. The decedent's chest came into contact with the right side of defendant's vehicle, causing injuries from which he died between 2 and approximately 45 minutes thereafter. There was also testimony raising an issue as to whether or not decedent was impaired by intoxicating liquor at the time of the accident.

At the conclusion of the evidence the defendant requested the court to charge subdivision (a) of section 1152 of the Vehicle and Traffic Law in its instructions to the jury. This section provides "[e]very pedestrian crossing a roadway at any point other than within a marked * * * or * * * unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway." This request to charge was refused, the trial court taking the view that it was inapplicable. The court did charge the jury that "[i]n crossing at points other than at regular street crossings, a pedestrian is ordinarily required to exercise greater vigilance than at regular street crossings".

We feel that the refusal to charge as requested was prejudicial error. The obvious purpose of section 1152 is to grant the right of way to moving vehicles at areas where pedestrians would not normally be expected to cross. The fact that there are no crosswalks at any point along Route 9 in the vicinity where the accident occurred, does not deprive the statute of applicability. Rather, it is particularly because operators of motor vehicles along Route 9 in that vicinity would not ordinarily expect to be confronted by pedestrians that the duty upon pedestrians to yield the right of way should apply with equal force. The court's charge that a pedestrian "is ordinarily required to exercise greater vigilance" did not cure the error, in our view, because it failed to inform the jury of the pedestrian's affirmative duty to yield the right of way. This error mandates reversal and a new trial. Because this case is to be remanded for a new trial, we take the opportunity to comment upon one other alleged error in the charge.

In dealing with the subject of contributory negligence, the court instructed the jury that if it found that the plaintiff's decedent had not exercised the degree of care expected of a reasonably prudent person under the circumstances, but that "such acts were not a substantial factor in causing injuries, [plaintiff's decedent] is free from contributory negligence." The use of the term "substantial factor" in a jury charge on the subject of contributory negligence has been a continuous

source of difficulty in this and other appellate courts. For example, judgments have been reversed and new trials ordered in *Fukae v Bishop* (42 AD2d 895), *Gill v Anderson* (39 AD2d 941) and *Siegelman v Truelson* (39 AD2d 722). In *Fukae (supra)*, error was committed in failing to relate the words "substantial factor" to a proper and adequate discussion of the issues of causal relationship or proximate cause. In *Siegelman (supra)*, to use a more specific example, the use of the term "substantial factor" was held to be prejudicial error where the charge failed to relate that term only to the issue of causal relationship, wherefore the jury could have been led to believe that plaintiff's right to recovery was not defeated unless his negligence itself, rather than just the causal effect of that negligence, was substantial. The issue of contributory negligence in that case, as in the case at bar, was a close one, and *Gill v Anderson (supra)* is to the same effect. In other words, a charge such as that employed in the case at bar, may be confusing because a jury may interpret it to mean that recovery is barred only by substantial negligence on the part of the plaintiff, when in actuality any contributory negligence bars recovery so long as that negligence was a substantial factor in contributing to the injury. Upon retrial, the court should be careful to avoid the use of the term "substantial factor", unless in its charge to the jury it adequately distinguishes between the quantum of contributory negligence which bars recovery and the issue of causal relationship between that negligence and plaintiff's injuries. (See *Schmoll v Luther,* 36 AD2d 996.) Because of our determination on the above issues, we need not consider defendant's contention alleging excessiveness of the verdicts.

Plaintiff, however, contends that the order of the court which amended the judgment *nunc pro tunc* to provide that interest thereon should be computed at the rate of 6% was erroneous. While this point is now moot because of our reversal of the judgment, we feel it appropriate to point out for the guidance of the court in this and other cases, that it is our view that interest on verdicts and judgments subsequent to September 1, 1972, the effective date of CPLR 5004, shall be at the rate of 6% per annum as provided therein. In cases where some interest would accrue on a verdict prior to September 1, 1972 and where a judgment was entered before that date, interest will be payable at the rate which was applicable during the period in question.

The judgment should be reversed, on the law, and a new trial ordered, without costs.

KANE, J. (dissenting). In my view the trial court was correct in refusing to charge that the provisions of subdivision (a) of section 1152 of the Vehicle and Traffic Law applied to the actions of this decedent. On this heavily traveled four-lane dual highway there were no sidewalks, no marked crosswalks, and, in fact, no intersections for some considerable distance. It was necessary for the decedent to cross the highway to call for assistance for his disabled vehicle. To charge him with more than the duty of reasonable care and to, in effect, impose a statutory liability upon him, is both unreasonable and unrealistic. I cannot conclude it was the intent of the Legislature to burden a pedestrian in such a locale with such an obligation. The jury passed upon the reasonableness of the decedent's conduct and has fixed responsibility for his death upon the defendant. The jurors were adequately instructed concerning the respective legal responsibilities of the parties and their determination should be upheld.

SWEENEY, LARKIN and REYNOLDS, JJ., concur with GREEN-BLOTT, J. P.; KANE, J., dissents and votes to affirm in an opinion.

Judgment reversed, on the law, and a new trial ordered, without costs.