■ PETER ROORDA et al., Respondents, v IRMA SCHLICH, Appellant.— Appeal from a judgment of the Supreme Court, entered May 23, 1975 in Tompkins County, upon verdicts rendered at a Trial Term in favor of plaintiffs. This is a negligence action arising out of an automobile-pedestrian accident. Plaintiff, Trina Roorda, was struck by defendant's automobile while crossing a State highway in front of her son's home to deposit letters in a mailbox located on the opposite side. After a trial the jury found for plaintiff wife and for her husband in his derivative action. This appeal ensued. The questions of negligence and contributory negligence were properly submitted to the jury and we should affirm unless the Trial Judge committed reversible error in his charge as maintained by defendant. The record reveals that the court charged the jury on the question of proximate cause. Thereafter and some while later in the charge he instructed the jury on contributory negligence in the following language, "If you find that the Plaintiff, Trina Roorda, was negligent and that her negligence was a substantial factor in producing the accident and her injuries, your verdict will be for the Defendant, Irma Schlich." This, in our opinion, was error and requires reversal (*House v Reimann,* 48 AD2d 469; *Bacon v Celeste,* 30 AD2d 324). The issue of contributory negligence was a close one and from the language used by the court, the jury could reasonably conclude that negligence on the part of plaintiff had to be substantial to defeat her claim, whereas, in actuality, any negligence on her part that contributed to the accident was sufficient. Since there must be a new trial, there is one other issue raised on this appeal requiring comment by us. During the trial plaintiffs' attorney moved to increase the *ad damnum* clause in the derivative action from $5,000 to $15,000. This was denied. In so doing, the court stressed the fact that there was no affidavit and that they were in the middle of the trial. The verdict returned by the jury in the derivative action was for $8,000. It is our opinion that prior to the new trial plaintiffs should have the opportunity to renew the motion on proper papers. Judgment reversed, on the law, and a new trial ordered, with costs to abide the event.

Greenblott, J. P., Sweeney, Main and Mikoll, JJ., concur; Herlihy, J., concurs in the following memorandum. Herlihy, J. (concurring). I concur in the result herein solely upon constraint of the recent decision of this court in *House v Reimann* (48 AD2d 469).