■ Thomas Brady, an Infant, by His Father and Natural Guardian, Richard V. Brady, et al., Respondents, v Harborfields Central School

District No. 6, Greenlawn, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an interlocutory judgment of the Supreme Court, Suffolk County, entered December 28, 1976, which is in favor of plaintiffs, after a jury trial limited to the issue of liability only. Interlocutory judgment reversed, on the law, without costs or disbursements, and new trial granted. The findings of fact have not been affirmed. The trial court's instruction to the jury on the issue of contributory negligence constitutes reversible error. The court charged that: "you will first determine if Mr. Hoff and through him the defendant was negligent. If you find that he was not, that ends the case right there and your verdict would be for the defendant. If you find that he was negligent, then you will determine whether or not his negligence was the proximate cause of the accident and the plaintiff's injury. That is, was it a substantial factor in bringing about the happening of the accident and the injury? If you find that it was not, that also ends the case and your verdict would be for the defendant. If you find that the defendant was negligent and his negligence was the proximate cause of the accident and the injury, then you will go to the third question and ascertain whether or not the plaintiff himself was free from contributory negligence. If you find that he failed to exercise that degree of care for his own safety that a reasonably prudent boy with his intelligence and experience and background and state of development and age, 13 years, 10 months, would have exercised under the same circumstances *and that his failure to do so was a substantial factor in causing the accident, that would constitute contributory negligence* and he could not recover even though the defendant was negligent and his negligence was the proximate cause of the accident." (Emphasis supplied.) The use of the term "substantial factor" with regard to a plaintiff's contributory negligence has frequently been termed confusing and requiring of a reversal (see *Fukae v Bishop,* 42 AD2d 895; *Gallo v Nigro,* 41 AD2d 910; *Gill v Anderson,* 39 AD2d 941). The jury may take such term to mean that plaintiff's contributory negligence will bar recovery only if it is substantial in degree. However, it is well settled that contributory negligence will bar recovery whenever the plaintiff's negligence is a material, i.e., a direct, rather than remote, cause of the injury, even though it might not be substantial in degree (see *Kalish v Krieger,* 42 AD2d 955, affd 35 NY2d 864; see, also, PJI 2:35 [1977 Supp]). Damiani, J. P., Hawkins, Suozzi and O'Connor, JJ., concur.