■ CAROLYN ROWLAN et al., Appellants, v BROOKLYN JEWISH HOSPITAL et al., Defendants, and HENRY MOSKOWITZ, Respondent. — In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Feldman, J.), dated January 13, 1983, which, after a hearing, denied their motion to strike defendant Moskowitz's affirmative defense of lack of personal jurisdiction and granted said defendant's cross motion to dismiss the complaint as against him. ¶ Order reversed, on the law and the facts, with costs, motion granted, the affirmative defense of lack of personal jurisdiction is stricken from the answer of defendant Moskowitz, and cross motion denied. ¶ We conclude that plaintiffs introduced sufficient evidence at the traverse hearing to sustain their burden of proving that process was properly served upon defendant Moskowitz (see *Old Colony Furniture Co. v Fiegoli,* 97 AD2d 790; *Smid v Lombard,* 83 AD2d 877; cf.

*De Zego v Donald F. Bruhn, P. C.,* 99 AD2d 823). Plaintiffs' process server, who refreshed his recollection with reliable contemporaneous records, unequivocally testified that he had personally effected service at the time and place in question. ¶ The inconsistencies between the physical description of defendant Moskowitz as stated in the affidavit of service and as he appeared in court are not significant. The conflicting testimony as to whether Moskowitz, in fact, changed his physical appearance and the possibility that he may have darkened his prematurely gray hair must be viewed in light of the other evidence. Specifically, Moskowitz did not substantiate his testimony with his office diary, or by the testimony of a codefendant who was served at the same time and location and who did not dispute such service, or by his secretary whom Moskowitz claimed had accepted the process (cf. *Noce v Kaufman,* 2 NY2d 347, 353; *Gill v Anderson,* 39 AD2d 941). Conversely, the process server, a legally disinterested party, enhanced his credibility by refraining from reciting explicit details of an unremarkable, routine event which had taken place over three years earlier (*Kardanis v Velis,* 90 AD2d 727). Titone, J. P., Rubin, Boyers and Eiber, JJ., concur.