■ WALTER F. KELLY et al., Appellants, v EASTERN AIRLINES, INC., Respondent. — Judgment, Supreme Court, New York County, entered April 8, 1983 in defendant's favor, and the order (Blyn, J.) on which it was based, entered March 22, 1983, confirming a referee's report denying plaintiffs' motion to strike an affirmative defense of lack of jurisdiction and dismissing the action, unanimously reversed, on the law, the facts and in the exercise of discretion, the motion to strike the affirmative defense is granted and the complaint is reinstated, with costs. ¶ The credibility of the process server was challenged in this dispute over whether jurisdiction had been acquired. The process server is a retired policeman who assertedly specializes in cases where the Statute of Limitations is about to expire. He claimed to have served the summons and complaint at defendant's office at 10 Rockefeller Plaza in Manhattan. The affidavit of service, executed two weeks after the purported date of personal service, described the person upon whom service was made by name (Rosalyn Fink), job description ("coordinator") and physical description (sex, color, hair, age, height and weight). He even testified as to a conversation he had with Mrs. Fink, first about the service of process and then about applying for employment with the defendant corporation. During his testimony, he noted that Mrs. Fink had worn eyeglasses, that her hair had been a little darker than it appeared in court, and that Mrs. Fink's office had been one flight up from the main level of the building. He added that the ledger book, in which he normally recorded the details of his service, had been stolen from his automobile later that year, so his testimony was unassisted by memoranda other than his affidavit of service. ¶ Mrs. Fink had been substituting for Mrs. Shyne, the woman who normally accepted service of process on defendant's behalf. Mrs. Fink acknowledged acting in such capacity on May 4, 1981, the date of purported service. However, she denied receiving papers from this process server, and did not recall meeting or conversing with him. Mrs. Fink, who was employed by defendant as a "sprint sales coordinator" on the mezzanine level, emphasized that papers served on the corporation were normally logged in, but conceded that she had no authority to make entries in Mrs. Shyne's log, especially when she knew Mrs. Shyne would only be away for a couple of days. The log on this occasion did not reflect service of these papers, and in fact reflected service of papers on only one other case during this particular absence of Mrs. Shyne. The officer responsible for reviewing legal papers received testified that he also had no record of receipt of these papers. Mrs. Fink added that in all her years of substituting for Mrs. Shyne she was unaware of papers ever being lost or misplaced. However, she acknowledged that papers, once received, would be placed in a "co-mail" envelope, which could be left unattended on a lobby table until Mrs. Shyne's return. ¶ Special Term, in noting that the issue was one of credibility here, deferred to the referee's evaluation and recommendation inasmuch as he was "in the best position to make an assessment". The referee had concluded that while the process server's description of the physical layout and the individual purportedly receiving service was strikingly accurate, there were "many ways by which that information could have been obtained." ¶ We recognize the unique advantage the referee had in evaluating testimony with regard to the demeanor of witnesses. However, demeanor is less important in this case, in light

of the process server's almost entirely accurate description. Mrs. Fink, although her weight was described incorrectly, even acknowledged that the process server had correctly noted that her hair color was different at the time of the appearance in court. The referee did not believe the process server's testimony that his log book had been stolen, because such an item would be "of no value to a thief". This, together with his assertion that the process server's accurate description of Mrs. Fink could have been obtained in other ways, was the only stated rationale for rejecting such prima facie evidence of service of process. Under the circumstances, we find the evidence of service insufficiently challenged. Concur — Sandler, J. P., Ross, Asch, Bloom and Fein, JJ.