■ MARY BLACK et al., Appellants, v PETER PAPPALARDO, Respondent.—In a medical malpractice action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Stolarik, J.), dated May 16, 1986, which, after a hearing, granted the

defendant's motion for summary judgment based on his third affirmative defense of lack of personal jurisdiction.

Ordered that the judgment is reversed, on the law and the facts, with costs, the motion is denied, and the defendant's third affirmative defense is dismissed.

We conclude, after a review of the record, that the plaintiffs introduced sufficient evidence at the hearing to sustain their burden of proving that process was properly served on the defendant *(see, Rowlan v Brooklyn Jewish Hosp.,* 100 AD2d 844; *Old Colony Furniture Co. v Fiegoli,* 97 AD2d 790). The plaintiffs' process server unequivocally testified, in accord with his affidavit of service, that he personally served the defendant at the time and place in question. The inconsistencies between the physical description of the defendant as to height and weight in the affidavit of service and the defendant's testimony as to his height and weight at the time of service are not significant in view of the undisputed accuracy of the stated age and the defendant's acknowledgment that his hair color was correctly described but has since changed *(see, Rowlan v Brooklyn Jewish Hosp., supra; Anton v Amato,* 101 AD2d 819; *Kelly v Eastern Airlines,* 102 AD2d 793). The defendant introduced in evidence his own diary and an attorney's office diary noting his meeting with the attorney on the day he was purportedly served with process, which substantiated his testimony that he was not at his residence earlier on that day but did not substantiate his testimony that he was not at home at the time of the purported service. Further, there were inconsistencies between the testimony of the defendant and his wife and that of the attorney as to the time the meeting ended. Further, the attorney's testimony that he recalled the defendant saying that their meeting on the day in question had to be cut short to accommodate the defendant's later dinner appointment to celebrate the defendant's father's birthday, was objected to as hearsay, and was inadmissible to show that the defendant was with his father at the time in issue. It should not have been considered by the court. Finally, the process server "enhanced his credibility by refraining from reciting explicit details of an unremarkable, routine event which had taken place over three years earlier" *(Rowlan v Brooklyn Jewish Hosp., supra,* at 845). Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.