■ Myra Kanner, Appellant, v Harvey G. Gerber, Respondent. [602 NYS2d 874] —In an action to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), entered June 25, 1991, which denied her motion to strike the second and third affirmative defenses set forth in the defendant's answer, and granted the defendant's cross motion for summary judgment dismissing the complaint for lack of personal jurisdiction.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the defendant's cross motion for summary judgment, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether the defendant was properly served with the summons.

The affidavit of the plaintiff's process server alleges that this action was commenced on January 3, 1991, by delivering the summons and complaint to a "person of suitable age and discretion" at the defendant's office, and by mailing the summons and complaint to the defendant's office in accordance with the requirements of CPLR 308 (2). Although a properly executed affidavit of service ordinarily raises a presumption that a proper mailing has occurred (see, Engel v Lichterman, 62 NY2d 943), the affidavit of service in this case fails to conclusively demonstrate strict compliance with the mailing requirements of CPLR 308 (2), and the defendant has submitted a sworn denial that he received a duplicate copy of the summons and complaint by mail. Under the circumstances of this case, a hearing should be conducted at which the plaintiff will be required to establish that service was proper by a preponderance of the evidence (see, Slutzky v Aron Estates Corp., 157 Misc 2d 749; see also, Continental Hosts v Levine, 170 AD2d 430; Cadin Contr. v Rich Agency, 158 AD2d 442; Frankel v Schilling, 149 AD2d 657). Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur.