■ GREENPOINT SAVINGS BANK, Respondent, v JOHN MIONE et al., Defendants, and MARIE MIONE, Appellant. [623 NYS2d 317] —In an action for foreclosure, the defendant Marie Mione appeals from an order of the Supreme Court, Queens County (Rutledge, J.), dated June 16, 1993, which denied her motion to vacate the judgment of foreclosure and sale dated November 30, 1992.

Ordered that the order is reversed, on the law, with costs, the judgment of foreclosure and sale dated November 30, 1992, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether process was properly served on the defendant Marie Mione.

The plaintiff commenced this action in March of 1991 to foreclose on a mortgage executed by the defendants John and Marie Mione, who are husband and wife. A notice of appearance and verified answer, which included an affirmative defense of lack of proper service, was served on behalf of the defendants by Joel Silberman, Esq. Thereafter, the plaintiff moved for summary judgment and for the appointment of a Referee to compute the amount due. No opposition was interposed on behalf of the defendants. The plaintiff's motion was granted upon default in an order dated April 21, 1992. On November 30, 1992, the Referee's computation was confirmed and the plaintiff was granted a judgment of foreclosure and sale.

The defendant Marie Mione subsequently moved to vacate the judgment of foreclosure and sale on the ground of lack of personal jurisdiction *(see,* CPLR 5015 [a] [4]). According to the affidavit of service, Mione was purportedly served pursuant to the provisions of CPLR 308 (2). In her affidavit in support of her motion, Mione asserted she was not aware that this action

had been commenced until sometime after her husband had died on May 23, 1992, after the plaintiff had been granted summary judgment. She contended that during his lifetime, her husband kept everything from her, and that she was never served with the judgment of foreclosure and sale. Upon learning of the impending foreclosure sale, Mione hired her own attorney to replace Joel Silberman, who she claimed was her husband's attorney. With respect to the affidavit of service, Mione affirmed that she was never served with a summons and complaint nor received any mailing of the summons and complaint. In addition, she stated that she did not know the alleged person of suitable age and discretion, nor was this person authorized to accept service for her.

Since Mione has made a sworn denial of service under CPLR 308 (2), the affidavit of service has been rebutted, and the plaintiff must establish at a hearing that jurisdiction has been obtained by a preponderance of the evidence (see, Kanner v Gerber, 197 AD2d 673; Frankel v Schilling, 149 AD2d 657; Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135). The notice of appearance and verified answer prepared by Joel Silberman did not confer jurisdiction over Mione, as it specifically included an affirmative defense of lack of proper service (see, CPLR 320 [b]; Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135, 140, supra). In any event, an unauthorized appearance by an attorney is insufficient to confer jurisdiction (see, Skyline Agency v Ambrose Coppotelli, Inc., supra). Since jurisdiction over Mione has not been established, the judgment of foreclosure and sale must be vacated (see, CPLR 5015 [a] [4]). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.