◼ CHARLES SPANGENBERG et al., Appellants, v WILLIAM CHALOUPKA, Respondent. [645 NYS2d 514] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Berler, J.), dated July 10, 1995, which, after a hearing to determine the validity of the service of process, granted the defendant's motion to dismiss the complaint based on lack of jurisdiction.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is denied, and the complaint is reinstated.

In this action the plaintiffs attempted to serve the defendant by "affix and mail" service pursuant to CPLR 308 (4). The sole issue raised at the hearing to determine the validity of the service of process was whether a copy of the summons and complaint was mailed to the defendant. In sustaining the challenge to the validity of the service of process and granting the defendant's motion to dismiss the complaint based on lack of jurisdiction, the court concluded that there was "no competent evidence" that the summons and complaint was mailed. We disagree and, therefore, reverse.

At the hearing, the plaintiffs had to prove proper service by a preponderance of the evidence (see, Kanner v Gerber, 197 AD2d 673; Matter of Griffin v Griffin, 215 AD2d 386). Although the plaintiffs' process server could not recall whether he had personally mailed the summons and complaint to the defendant three years earlier, this testimony enhanced his credibility (see, Federal Deposit Ins. Co. v Evangelista, 226 AD2d 208; Black v Pappalardo, 132 AD2d 640; Rowlan v Brooklyn Jewish Hosp., 100 AD2d 844, 845).

Additionally, the process server's testimony established the existence of an office procedure, which was followed in the regular course of business, showing that the summons and complaint was duly addressed and mailed, and raising a presumption that it was mailed (see, Nassau Ins. Co. v Murray, 46 NY2d 828, 829; Prince, Richardson on Evidence § 3-128, at 77 [Farrell 11th ed]). Since the defendant failed to show that the "routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed", his mere denial of receipt was insufficient to rebut the presumption of mailing (Nassau Ins. Co. v Murray, supra, at 830). In any event, we note that service by mail is complete upon mailing regardless of delivery (see, De Forte v Doctors Hosp., 66 AD2d 792). Therefore, the plaintiffs proved by a preponderence of the evidence that a copy of the summons and complaint was mailed to the defendant (see, Federal Deposit Ins. Co. v Evangelista, supra; Black v Pappalardo, supra; Rowlan v Brooklyn Jewish Hosp., supra). Mangano, P. J., Thompson, Florio, McGinity and Luciano, JJ., concur.