■ MARC A. PAPA et al., Respondents, v THOMAS J. KILROY, Appellant, et al., Defendant. [807 NYS2d 162]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered March 3, 2005 in Clinton County, upon a verdict rendered in favor of plaintiffs.

Plaintiff Marc A. Papa (hereinafter plaintiff), while traveling westerly on Hardscrabble Road, a two-lane highway in the Town of Saranac, Clinton County, stopped when he discovered that the tailgate of his pickup truck had opened allowing tools and materials to fall into the road. A coworker stopped approximately 50 to 60 feet behind him to assist in retrieving the items. In the process, plaintiff noticed that sheetrock screws and staples had spilled onto the highway. While using his pushbroom to sweep the debris from the west lane toward the north shoulder, plaintiff was struck by a vehicle being operated by defendant Thomas J. Kilroy (hereinafter defendant) in an easterly direction on this road.

Plaintiff, and his wife, derivatively, commenced this action seeking damages for injuries he sustained. The jury apportioned liability 45% to defendant and 55% to plaintiff and judgment for plaintiffs in the amount of $300,000 was entered. Defendant appeals arguing first, that it was prejudicial error for Supreme Court to refuse to charge the jury with respect to Vehicle and Traffic Law § 1152 (a) and, second, that the verdict was against the weight of the evidence. We affirm, finding the first argument to be without merit and the second to be unpreserved for appellate review.

Vehicle and Traffic Law § 1152 (a) requires that a pedestrian, crossing a highway other than in a marked or unmarked crosswalk, yield the right-of-way to vehicles on the roadway. Had plaintiff been crossing the roadway, defendant would have been entitled to this charge (*see House v Reimann*, 48 AD2d 469 [1975], *appeal dismissed* 37 NY2d 797 [1975]). As plaintiff was indisputably not crossing the road, Supreme Court correctly refused to give the requested charge (*see Markel v Broadway Garage*, 111 AD2d 151 [1985]).

The remaining issue is unpreserved for appellate review (*see* CPLR 4404 [a]; *Skowronski v Mordino*, 4 AD3d 782, 782 [2004]).

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.