Wells Fargo Bank, N.A. v Javier (2020 NY Slip Op 00234)





Wells Fargo Bank, N.A. v Javier


2020 NY Slip Op 00234


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


10765 380873/07

[*1] Wells Fargo Bank, N.A., etc., Plaintiff-Respondent,
v
Israel P. Javier also known as Israel Javier, Defendant-Appellant, Mortgage Electronic Registration Systems Inc., etc., Defendant.


David J. Broderick, P.C., Forest Hills (David J. Broderick of counsel), for appellant.
Sandelands Eyet LLP, New York (Mindy L. Kallus of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about May 8, 2018, which denied defendant Israel P. Javier's motion to vacate his default and to dismiss the complaint for lack of proper service, unanimously affirmed, without costs.
Plaintiff's affidavit of service constituted prima facie evidence of proper service, and defendant's conclusory denial of service was insufficient to rebut the prima facie showing (Wells Fargo Bank, N.A. v Njoku, 148 AD3d 438 [1st Dept 2017]). Defendant did not dispute that the property where service was allegedly effected was his primary residence or show that there was no person matching the description in the affidavit of service at the property at the time of service (see Roberts v Anka, 45 AD3d 752, 754 [2d Dept 2007], lv dismissed 10 NY3d 789, 10 NY3d 851 [2008]). Defendant argues instead that the description of the named recipient of service in the affidavit does not fit that of his one-year-old son, who was also out of the country at the time of service. The affidavit reflects that it was served on "Israel Javier Jr. Son" [all caps deleted]. However, the affidavit describes the person who was served as male, approximately 25, 5'8" tall and weighing 160 pounds. Given that the accuracy of the description of the recipient of service is uncontested, the fact that the stated name may be incorrect is not sufficient to refute proper service (see Black v Pappalardo, 132 AD2d 640 [2d Dept 1987]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK