Federal Natl. Mtge. Assn. v Beckford (2021 NY Slip Op 04344)





Federal Natl. Mtge. Assn. v Beckford


2021 NY Slip Op 04344


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-05538
 (Index No. 4029/13)

[*1]Federal National Mortgage Association, respondent,
v
Marcia A. Beckford, appellant, et al., defendants.


Storch Law, P.C., Brooklyn, NY (Zvi A. Storch of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Len Garza of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marcia A. Beckford appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 22, 2018. The order denied that defendant's motion, inter alia, to vacate a judgment of foreclosure and sale of the same court dated May 4, 2017, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the motion of the defendant Marcia A. Beckford, inter alia, to vacate a judgment of foreclosure and sale of the same court dated May 4, 2017, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
In March 2013, the plaintiff commenced this action to foreclose a consolidated mortgage against, among others, the defendant Marcia A. Beckford (hereinafter the defendant). The consolidated mortgage encumbered certain real property located on East 86th Street in Brooklyn (hereinafter the subject property). In an affidavit of service dated March 13, 2013, a process server attested that on March 9, 2013, the summons and complaint were delivered to a person of suitable age and discretion at the subject property, and that copies thereof were subsequently mailed to that address (see CPLR 308[2]). The defendant did not interpose an answer to the complaint and did not oppose the plaintiff's motion for an order of reference, which was granted in an order dated May 11, 2016. Moreover, the defendant did not oppose the plaintiff's subsequent motion to confirm the referee's report and for a judgment of foreclosure and sale. In a judgment of foreclosure and sale dated May 4, 2017, the Supreme Court, inter alia, confirmed the referee's report and directed the sale of the subject property.
In September 2017, one day before the scheduled foreclosure sale, the defendant moved, inter alia, to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her. The defendant asserted that in or around August 2012, she moved out of the subject property, that she was not residing there on the alleged date of service, and did not know the identity of the "suitable person" on whom substituted service was purportedly made. The plaintiff opposed the motion, arguing, among other things, that the defendant had waived the defense of lack of personal jurisdiction. Specifically, the plaintiff contended that the attorney who had served an answer in late May 2013 on behalf of the defendant Donny's Realty Corp., which was rejected by the plaintiff as untimely, submitted a notice of [*2]appearance on behalf of the defendant in the form of a notice of address change dated August 10, 2016. The Supreme Court denied the motion, and the defendant appeals.
The Supreme Court erred in denying the defendant's motion on the ground that she waived any claim that the court lacked personal jurisdiction. Although the filing of a notice of appearance by a party's counsel "'serves as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to dismiss pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction'" (U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d 1645, 1649, quoting U.S. Bank N.A. v Pepe, 161 AD3d 811, 812), the defendant denies that an attorney ever appeared for her in this action. Specifically, in reply to the plaintiff's opposition, the defendant submitted an affirmation from the attorney for codefendant Donny's Realty Corp., who denied appearing on behalf of the defendant, and explained that the defendant's name was included on the notice of change of address due to a scrivener's error. In addition, he pointed out that the plaintiff, in an earlier motion, had listed him only as the attorney for Donny's Realty Corp., and had served the defendant directly as she was appearing pro se. The court's reference, in the order appealed from, to a purported 2013 appearance by counsel, is irrelevant, as "an unauthorized appearance by an attorney is insufficient to confer jurisdiction" (Greenpoint Sav. Bank v Mione, 213 AD2d 375, 376).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a new determination of the defendant's motion, including whether her submissions were sufficient to rebut the presumption of proper service arising from the process server's affidavit of service (see Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1040; Brownstone Capital NY, LLC v Lindsay, 183 AD3d 687, 689).
The parties' remaining contentions need not be addressed in light of our determination.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court