■ ABRAHAM SLOTNICK, as Administrator of the Estate of JOAN R. SLOTNICK, Deceased, Appellant, v. MICHAEL CAMPANILE, Individually and as Administrator of the Estate of DONNA W. CAMPANILE, Deceased, Respondent.— Judgment of the Supreme Court, Queens County, entered May 2, 1972, affirmed, with costs. No opinion. Martuscello, Acting P. J., Shapiro, Christ and Munder, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment, to reinstate the complaint and to permit defendant to answer the complaint, with the following memorandum: This is an action to recover damages for wrongful death and for injuries suffered in an automobile accident which was caused by defendant's intestate. The accident occurred on July 20, 1968 and the action was commenced on July 6, 1970 by substituted service of a summons and complaint. On or about June 30, 1971 plaintiff moved for a default judgment because defendant had failed to serve an answer. Thereafter, on or about October 27, 1971 defendant moved (1) to vacate plaintiff's said motion and (2) for dismissal of the action for, *inter alia,* lack of personal jurisdiction (CPLR 3211, subd. [a], par. 8). Special Term, after a hearing on the question of the service of the summons and complaint, in a memorandum decision dated March 9, 1972, concluded that plaintiff had failed to sustain the burden of proving service on defendant, individually or as administrator, in conformity with the CPLR. I disagree. At the hearing, defendant and his wife merely testified that they had not received service of the summons and complaint. On the other hand, plaintiff's attorney testified that he had made proper substituted service by affixing a copy of the summons and complaint to the door of defendant's home and by mailing another copy to defendant at his residence. In further support of plaintiff's contention and corroborative of his attorney's testimony was the statement of James Patten, the liability claims manager of defendant's insurance claim service. He testified that, according to his records, which were kept in the normal course of business, the summons and complaint had been received by his office in July, 1971. It is thus clear that the action had been properly and timely commenced. On the entire record, the weight of the credible evidence was in plaintiff's favor. Therefore, the judgment should be reversed, the complaint reinstated and defendant permitted to serve an answer.