Memorandum. The order of the Appellate Division should be affirmed.
Appellant’s contention that the determination by Special Term—that appellant failed to sustain the burden of proving service on respondent—was against the weight of the evidence presents only an issue of fact which, in light of the Appellate Division’s affirmance, is not within our power to review.
Assuming without deciding that CPLR 4213 (subd [b]) applies to a hearing before the court for the resolution of factual issues incident to the disposition of a motion challenging jurisdiction, as distinguished from a trial on the merits, the record before us discloses that the parties and the courts below have treated this case as presenting but a single factual issue—was substituted service effected as required by CPLR 308 (subd 4). The determination of that issue here turned on a question of credibility—whether the story of plaintiff’s attorney process server as to posting and mailing was to be credited or whether defendant and his wife were to be believed that there had been neither. No contention was made below or is now raised before us that the decision at Special Term might have been predicated on insufficiency of proof either of posting or of mailing, but not of both. Had such a bifurcated issue been tendered, it could be said that Special Term’s ultimate finding "that the plaintiff has failed to sustain the burden of proving service of said summons and complaint on the defendant” was insufficient to permit informed appellate review. On this record however it was all or *988 nothing at all. So viewed, the finding at Special Term was adequate and met the requirement of CPLR 4213 (subd [b]).
Finally, appellant’s arguments based on CPLR 317 are without merit. The provisions of that section are applicable only if substituted service has been effected—the very question at issue here.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.