■ ANGELA MAZZELLA, Appellant, v FREDERICK MAZZELLA, Respondent. — In a matrimonial action, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Jones, J.), entered October 23, 1979, as, upon granting her a divorce and related relief, failed to award her a counsel fee in addition to the temporary counsel fee of $750 previously awarded. Judgment modified, on the law and the facts, by adding a provision awarding plaintiff an additional counsel fee of $750. As so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements. An additional counsel fee should have been awarded to the extent indicated. Gulotta, J. P., Cohalan, O'Connor and Thompson, JJ., concur.

■ JOSEPHINE SMID et al., Respondents, v JOSEPH F. LOMBARD, Appellant, et al., Defendants. — In a medical malpractice action, defendant Joseph Lombard appeals from an order of the Supreme Court, Kings County (Monteleone, J.), dated July 9, 1980, which, after a traverse hearing, denied his motion to dismiss the complaint on the grounds of lack of personal jurisdiction and Statute of Limitations. Order affirmed, with costs. Where a process server dies subsequent to a contested service of process and prior to a traverse hearing, his affidavit of service, if it is not conclusory and devoid of sufficient detail (see *Jones v King,* 24 AD2d 430), shall be admitted in evidence as a prima facie proof of service (see *Townsend, Rabinowitz, Pantaleoni & Schad v Houssein,* NYLJ, July 10, 1980, p 6, col 2; *Denning v Lettenty,* 48 Misc 2d 185). On the facts presented, plaintiffs met their burden of proving personal jurisdiction over defendant Lombard (cf. *Empire Nat. Bank v Judal Constr. of N. Y.,* 61 AD2d 789; *Slotnick v Campanile,* 47 AD2d 536, affd 38 NY2d 986). Gulotta, J. P., Cohalan, O'Connor and Thompson, JJ., concur.

■ JOAN SPRAGUE, Appellant, v LUNA PARK CO-OP, Respondent. — In a personal injury action, plaintiff appeals from a judgment of the Supreme Court, Kings County (Brownstein, J.), entered July 3, 1980,, which dismissed the action upon the granting of defendant's motion to dismiss pursuant to CPLR 3012 (subd [b]). Judgment affirmed, without costs or disbursements. In the absence of a "reasonable excuse" for the inordinate delay in the service of the instant complaint, Special Term acted within its discretion in granting the defendant's motion to dismiss pursuant to CPLR 3012 (subd [b]) (see *Barasch v Micucci,* 49 NY2d 594; *Verre v Rosas,* 47 NY2d 795). Gibbons, J. P., Gulotta, Cohalan and Bracken, JJ., concur.