■ OLD COLONY FURNITURE CO., INC., Appellant, v JOSEPH FIEGOLI et al., Respondents. — In an action to recover damages for goods sold and delivered, plaintiff appeals from an order of the Supreme Court, Westchester County (Burchell, J.), entered May 27, 1983, which granted the motion of defendant Joseph Fiegoli to vacate a default judgment entered in the action. Order reversed, on the law and the facts, with costs, motion denied and default judgment reinstated. Defendant Joseph Fiegoli moved to vacate a default judgment on the ground that he had not been personally served with a summons in the action, as asserted in an affidavit of service executed by plaintiff's process server. We conclude that plaintiff introduced sufficient evidence at the traverse hearing to sustain its burden of proving that it had obtained personal jurisdiction over Fiegoli by causing the summons to be served upon him at his residence (see *Smid v Lombard,* 83 AD2d 877). Plaintiff's process server unequivocally testified that he had, indeed, personally served the summons upon Fiegoli on September 15, 1979, after refreshing his recollection by referring to the affidavit of service he executed in accordance with the requirements of CPLR 306 and the log in which he recorded the name and address of each party upon whom he served legal papers and the date of such service. Special Term, however, credited the testimony of Fiegoli that he was out of the State on the day that the summons was allegedly served upon him, which testimony was based on notations in his personal diary. We credit the testimony of plaintiff's process server, who refreshed his recollection with more reliable contemporaneous records concerning his service of the summons. Moreover, Fiegoli's assertion that he neither received the summons at issue nor any correspondence relating to the default judgment appears highly questionable, given his admission at the hearing that he had received two registered letters concerning this matter sent by plaintiff's counsel in April and June of 1979 to the same address recorded in the process server's affidavit of service. Fiegoli also acknowledged, on cross-examination, that he had retained counsel to contact plaintiff on his behalf after receiving the above-registered letters. The record is, thus, replete with evidence that Fiegoli was fully aware of the outstanding obligations due to plaintiff for a period of more than two years prior to the entry of the default judgment on December 3, 1979 and that he defaulted in appearing. Fiegoli has failed to establish a valid excuse for his default and for his delay of over two years in moving to vacate the default judgment (see *Lincoln First Bank-Cent. v Bombard Chevrolet,* 55 AD2d 1048). Titone, J. P., Lazer, O'Connor and Boyers, JJ., concur.

■ ANNA REPACI, Respondent, v ANTHONY J. REPACI, Appellant. — In a divorce action, the defendant husband appeals (1) from an order of the Supreme Court, Westchester County (Marbach, J.), entered April 8, 1983, which, upon the plaintiff wife's motion, granted her temporary maintenance of $100 per week and a counsel fee of $1,500 and (2) as limited by defendant's brief, from so much of a further order of the same court, entered May 4, 1983, as, upon granting his motion for reargument, adhered to its original determination. Appeal from the order entered April 8, 1983, dismissed, without costs or disbursements. That order was superseded by the order entered May 4, 1983 upon reargument. Order entered May 4, 1983, affirmed insofar as appealed from, without costs or disbursements. All of the evidence in the record, *including* the official form financial affidavit submitted by the defendant husband on his motion for "reargument", supports the awards by Special Term for temporary maintenance and a temporary counsel fee. We note that on reargument, defendant's own affidavit suggested an award for temporary maintenance of $75 per week. We find no basis for disturbing Special Term's determination. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.