clients' matters entrusted to him, failed to account to a client regarding escrow funds, failed to co-operate with an investigation by the grievance committee pertaining to three different matters, failed to comply with a subpoena and a subpoena duces tecum, and failed to answer the charges herein. The charges, if established, would require respondent's disbarment. Since he has chosen not to deny the charges and not even to appear in this proceeding, the charges must be deemed established. Petitioner's motion is therefore granted. Respondent is unfit to be a member of the Bar. He is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith. Martin Siegelbaum, Esq., of 26 Court Street, Brooklyn, New York 11242, is appointed to take custody of respondent's files, conduct an inventory of said files and report his findings to the court. Mollen, P. J., Titone, Lazer, Mangano and Boyers, JJ., concur.

(February 27, 1984)

■ BARBARA DE ZEGO et al., Respondents, v DONALD F. BRUHN, M.D., P. C., et al., Defendants, and ALBERT TYDINGS, M.D., P. C., Appellant. — In an action to recover damages for medical malpractice, defendant Albert Tydings, M.D., P. C., appeals from an order of the Supreme Court, Suffolk County (Jaspan, J.), dated December 28, 1982, which granted plaintiffs' motion to strike the affirmative defense of lack of personal jurisdiction from its answer. Order reversed, on the law, with costs, and motion denied. By affidavit and at the traverse hearing, Albert Tydings, the principal of the corporate appellant, denied that he was personally served by a Sheriff in Louisiana, claiming that he found the summons and complaint on the desk in his office. Allegedly, Tydings mailed the summons and complaint back to plaintiffs in New York, who forwarded it to their counsel, who in turn mailed it back to Tydings at his home in Louisiana. Tydings' denial shifted the burden of proof to plaintiffs to substantiate their allegations of personal service (*Empire Nat. Bank v Judal Constr.*, 61 AD2d 789). Plaintiffs chose to rely on the Sheriff's affidavits. Those affidavits were devoid of factual detail, merely stating that Tydings was personally served on a certain date at a certain time. As such, the affidavits were insufficient to rebut Tydings' denial. We agree with Special Term's finding that plaintiffs failed to sustain their burden of proof as to personal service upon Tydings (cf. *Smid v Lombard,* 83 AD2d 877). We disagree, however, with Special Term's conclusion that process was delivered to one of appellant's employees and that such delivery, together with a subsequent mailing, satisfied the requirements of CPLR 308 (subd 2). CPLR 313 requires that service outside the State must be affected "in the same manner as service is made within the state". Appellant is a professional corporation. Therefore, plaintiffs must show compliance with either CPLR 311 (subd 1) or section 306 of the Business Corporation Law (see Business Corporation Law, § 1513). There is absolutely no evidence in the record to establish that the summons and complaint were served upon any individual authorized to receive service on appellant's behalf pursuant to CPLR 311 (subd 1). Additionally, there is no allegation that the summons and complaint were served upon the Secretary of State or appellant's registered agent, as required by section 306 of the Business Corporation Law. Although appellant clearly received actual notice of the suit, such notice does not cure defective service "since notice received by means other than those authorized by statute cannot serve to bring a defen-

dant within the jurisdiction of the court" (*Feinstein v Bergner*, 48 NY2d 234, 241). Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.