■ JOHN OLMÓ, Appellant, v ANNE T. OLMO, Respondent. — In a matrimonial action, the plaintiff husband appeals from an order of the Supreme Court, Queens County (Graci, J.), dated May 4, 1983, which, upon the defendant wife's application and after a traverse hearing, (1) sustained the traverse, (2) vacated a judgment of separation and (3) dismissed the action. ¶ Order reversed, on the law, without costs or disbursements, and defendant's application denied. ¶ Plaintiff obtained a judgment of separation against defendant on October 5, 1982 after defendant failed to respond to a summons with notice of an action of separation, which was allegedly personally served upon defendant in Colorado on July 19, 1982. ¶ In moving to vacate the separation judgment on the ground that she had never been personally served with the

summons with notice, defendant and her employer admitted in their affidavits in support of the application that defendant had in fact been served personally in Colorado on July 19, 1982 but only with a "petition for writ of habeas corpus and a writ of habeas corpus * * * and no other documents". ¶ At the traverse hearing, the affidavit of service of the process server was admitted into evidence. It stated in pertinent part that "a true and correct copy of the within Summons with Notice" was personally served upon defendant Anne Olmo. Counsel for plaintiff also noted for the record, and Special Term agreed, that the affidavit of service was "placed on the back of a copy of the summons with notice in the action for separation". ¶ It is true that "where the process server is living and available to testify, defendant's sworn denial of service renders the affidavit of service nonconclusive and shifts the burden of proof to plaintiff to substantiate the allegation of personal service" (*Anton v Amato*, 101 AD2d 819, 820; *De Zego v Donald F. Bruhn, P. C.*, 99 AD2d 823; *Old Colony Furniture Co. v Fiegoli*, 97 AD2d 790). ¶ At the instant traverse hearing, the process server testified that he served a "[s]ummons with the notice writ of habeas corpus, and a petition for a writ of habeas corpus" and the legal papers that he served were backed under two separate blue backs. In addition, the process server's work sheet was also admitted into evidence and it indicated that a summons with notice was served upon defendant in addition to the writ of habeas corpus and the accompanying petition for same. ¶ Under these circumstances, and in the absence of any contradictory testimony from defendant, Special Term erred in granting the defendant's application, *inter alia*, to vacate the judgment of separation. ¶ Defendant's remaining arguments before Special Term at the conclusion of the traverse hearing, i.e., that the affidavit of service did not adequately comply with CPLR 306 (subd [b]) and subdivision b of section 232 of the Domestic Relations Law are also without merit. The thrust of defendant's arguments in this regard was that the affidavit of service failed to adequately describe defendant or indicate how the process server acquired knowledge that Mrs. Olmo was the defendant named. Any deficiencies in this regard were irrelevant in view of defendant's admission that she was in fact personally served with legal process on that date, and were, in any event, cured by the process server's testimony on these matters (cf. *Kardanis v Velis*, 90 AD2d 727). Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.