■ JOHN OLMO, Respondent, v ANNE T. OLMO, Appellant.—

The parties were married in 1979. In December 1981 the defendant mother fled the marital home in Queens County because her husband had allegedly beaten her. She returned the next day, but in April 1982, after alleged continued abuse and a failed attempt at reconciliation, the mother took the parties' then 2½-year-old child and left the marital home to live with her parents in Denver, Colorado. The father thereafter began an action for separation and custody of the child in New York, and, simultaneously, the mother began an action for divorce and custody in Colorado. On October 5, 1982, the father was granted a judgment of separation and custody of the child on the mother's default. However, the mother obtained a stay of the judgment and the judgment was subse-

quently vacated by order of the Supreme Court, Queens County (Graci, J.), dated May 4, 1983. In the interim on March 23, 1983, in a proceeding in Colorado in which the father appeared and litigated the issues, the mother was granted a judgment of divorce and custody of the parties' child. The Colorado Court of Appeals affirmed the judgment on May 31, 1983, and the Colorado Supreme Court thereafter denied certiorari on June 24, 1985. Meanwhile, on June 18, 1984, this court reversed the order of the Supreme Court, Queens County, dated May 4, 1983, and denied the mother's application to vacate the judgment of separation which had awarded custody to the father (*Olmo v Olmo,* 102 AD2d 864).

In November 1985 the father brought an action in the United States District Court for the Eastern District of New York, which resulted in a stipulation between the parties consenting to a full plenary hearing on the issue of custody in the forum directed by the Federal court. By order dated December 18, 1986, the custody issue was referred to the Supreme Court, Queens County, which, following a hearing, entered the amended judgment appealed from.

We reject the father's contention that the interference with his relationship with his daughter caused by the child's relocation to Colorado in 1982 warrants a determination that the mother is unfit to act as a custodial parent. On this record, it does not appear that the mother acted in defiance of any court order in taking the child to live with her parents in Colorado. Until June 1984 when this court reinstated the award of custody to the father, there was no judgment or order in effect in New York which required that the child be in the father's custody. Thus, the extent of the mother's alleged disregard of the New York judgment of separation is that she kept custody of the child under color of Colorado law, after June 1984. In any event, it is clear on the facts of this case that the mother's relocation to Colorado was made in good faith and that exceptional circumstances justified the mother in moving to Denver, where she could reside rent free with her parents, who assisted her in caring for the child and provided both her and her child with emotional support. There is no indication that the mother relocated in order to deprive the father of his relationship with the child (*see, Schwartz v Schwartz,* 91 AD2d 628; *Klein v Klein,* 93 AD2d 807).

The hearing court based its award of custody to the father only on its erroneous finding that the mother had disobeyed the directions of the New York courts in refusing to return the child to New York. It did not make an independent

determination as to the best interests of the child, which requires consideration of all relevant factors *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89). Upon the exercise of our factual review power, we conclude that the best interests of the child would be served by allowing her to remain in Colorado with her mother. Although we recognize that children of a marriage cannot always be shielded from disruptions that follow a divorce, the harm to the now eight-year-old child if she were ordered to return to New York after more than five years in Colorado would far outweigh the inhibiting effect of the child's residence in Colorado on the father's relationship with the child *(see, Friederwitzer v Friederwitzer, supra; Schwartz v Schwartz, supra).* Clearly, however, the child's best interests require that she be nurtured and guided by both of her natural parents *(Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938). Accordingly, and in order to afford the father regular and meaningful access to the child, we direct a liberal visitation schedule under which the father may have visitation with the child at his residence in New York during the Christmas and Easter school recesses and for one half of the summer vacation period *(see, Zaleski v Zaleski,* 128 AD2d 865, *lv denied* 70 NY2d 603). The cost of the child's air fare between Colorado and New York shall be shared equally between the parents. Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.