■ PETER MICHAELSON et al., Respondents, v STEVEN HUDSON et al., Appellants.—In an action for a judgment declaring the parties' rights under a lease, the defendants appeal from so much of an order of the Supreme Court, Kings County (Williams, J.), dated July 10, 1987, which denied their motion to dismiss the complaint, pursuant to CPLR 3211 (a) (8), for lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted and the complaint is dismissed.

In the Supreme Court, the plaintiffs did not contradict the assertions in the defendants' affidavits in support of their motion to dismiss, that the only service of a summons and complaint in this case was done by mailing those documents to the defendants' post-office box by ordinary mail. No justification was offered for the lack of personal service (CPLR 308 [1], [2]), no affidavit of personal service of the summons and complaint is contained in the record on appeal, and no explanation was suggested as to why the process was not affixed to the door of the defendants' residence (CPLR 308 [4]). Thus, the service was defective and the motion to dismiss should have been granted (see, Martini v Powers, 105 AD2d 731; De Zego v Donald F. Bruhn, P. C., 99 AD2d 823).

Further, the defendants' appearance in this action cannot act as a substitute for personal service because their answer contained an affirmative defense alleging lack of personal

jurisdiction (CPLR 320 [b]; *Matter of Katz,* 81 AD2d 145, 148-149, *affd* 55 NY2d 904 *on opn at App Div; Colbert v International Sec. Bur.,* 79 AD2d 448, *lv denied* 53 NY2d 608). Similarly, the defendants' actual notice of the action did not cure the defective service "since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" *(Feinstein v Bergner,* 48 NY2d 234, 241). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.