■ DEBBIE VOGEL, Respondent-Appellant, v JEFFREY VOGEL, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), entered June 2, 1987, as, after a nonjury trial, awarded the plaintiff (1) custody of the parties' minor child, (2) combined maintenance and child support of $100 per week for a period of three years and $75 per week as child support thereafter, and (3) distribution of the marital assets, and the plaintiff wife cross-appeals from so much of the same judgment as determined issues of maintenance and the distribution of the parties' assets.

Ordered that the judgment is modified, as a matter of discretion by (1) deleting from the fifth decretal paragraph thereof the words "as and for maintenance and child support, the sum of $100 per week, which payment shall commence effective as of May 1, 1987, and continue until May 1, 1990", and substituting therefor "as and for maintenance and child support, the sums of $25 per week maintenance and $75 per week child support, which payment shall commence effective as of May 1, 1987 and continue until May 1, 1990", (2) deleting the sixth decretal paragraph thereof, (3) deleting from the seventh decretal paragraph thereof the sentence "Out of the defendant's share of these funds, he is directed to pay the plaintiff the $10,000.00 established above, the fair market value of her share in the stamp and coin collection"; and adding thereto provisions, (1) ordering the defendant to produce his stamp and coin collections at the office of his attorney for discovery and inspection on a date and time to be specified by the plaintiff in a written notice of not less than 10 days, so that the parties may submit valuations thereof, specifying which portions of the collections were acquired during the marriage and the appreciation of the collections during the marriage, and (2) crediting the defendant with $10,000; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, and the matter is remitted

to the Supreme Court, Queens County, for a hearing and determination, setting forth findings of fact, as to the value and distribution of the stamp and coin collection; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The parties herein were married in 1980. The defendant was employed by his parents, in the family business, earning between $250 and $300 per week, until June 1984 when the business ceased to operate. The defendant remained unemployed from June 1984 until August of the following year. The plaintiff wife had been employed as a secretary, earning approximately $280 per week until the birth of the parties' son in February 1985. She has not been employed since that time.

In August 1985 the plaintiff left the marital residence with her six-month-old son, as a result of the defendant's allegedly abusive conduct. She withdrew $20,000 from the parties' bank account, which represented one third of their savings, and moved into her mother's home where she apparently still resides.

The defendant husband contends, *inter alia,* that the Supreme Court improperly awarded custody of the minor child to the plaintiff. We disagree. The primary concern in a determination of custody is, of course, the best interests of the child *(see, Eschbach v Eschbach,* 56 NY2d 167). Evaluation of the factors which enter into a custody determination is best made by the trial court, whose findings are to be accorded great weight on appeal *(see, Matter of Ebert v Ebert,* 38 NY2d 700). The Hearing Officer's determination awarding custody to the plaintiff is supported by evidence in the record which indicates that the defendant has an unstable work record, that he refused to accept employment while his wife was pregnant and after the birth of his son, and, most significantly, that he was abusive in his treatment of the plaintiff. We further note that the plaintiff should not be denied custody because she left the marital residence in order to escape the defendant's abuse *(see, Olmo v Olmo,* 140 AD2d 677). The defendant's attempt to acquire custody on the ground that the plaintiff has neglected the child's medical needs finds no support in the record and must, therefore, be rejected.

We further find, contrary to the defendant's contentions, that the maintenance and child support awards were not inequitable in view of the defendant's salary, assets and his earning potential *(see,* Domestic Relations Law § 236 [B] [6] [a]

[1]). However, the lump-sum award should be apportioned, for tax purposes, as $25 per week as maintenance and $75 per week as child support for the three years during which the maintenance award is in effect.

Additionally, we find merit to the defendant's contention that the funds withdrawn by the plaintiff when she left the marital residence constituted marital property and should be equitably distributed. Accordingly, we conclude that the funds withdrawn, to wit, $20,000, should be equally divided between the parties, as have the other cash assets, and that the defendant should receive a $10,000 credit.

Finally, a major asset of the marriage is a stamp and coin collection which the defendant started when he was a child. He testified during the hearing that he invested approximately $5,000 to $10,000 in the collection during the course of the marriage. For a period of approximately 14 months, however, the plaintiff was the sole wage earner. Accordingly, we find that the portions of the collections purchased during the marriage, as well as the appreciation of the balance of the collection which occurred during the marriage, constitutes marital property, which is subject to equitable distribution (see, Domestic Relations Law § 236 [B] [1] [c], [d] [3]; Coffey v Coffey, 119 AD2d 620). The judicial hearing officer was unable to determine the value of the collection because the defendant did not comply with a subpoena to produce it for appraisal. Therefore, the matter is remitted to the Supreme Court, Queens County, for a hearing and determination with respect to the distribution of the coin and stamp collection. The court shall set forth the findings of fact upon which it predicates its determination. In the interim, the defendant is directed to produce it at the office of his attorney for discovery and inspection. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.