OPINION OF THE COURT
James W. McCarthy, J.
The above-captioned matter is before this court pursuant to plaintiff Janice Hollow’s motion for (1) extension of time to serve process (CPLR 306-b) and (2) alternate service (CPLR *692 308 [5]). Oral argument was heard by this court on July 19, 2002, at which time decision was reserved. Having reviewed the submissions of the plaintiff, for the reasons set forth below, this court makes the following findings of fact and conclusions of law.
Findings of Fact:
In September of 1999, the defendant relocated to the Kingdom of Saudi Arabia where he is employed by Parson’s Engineering. Since that time, it is alleged that the defendant has not returned to the United States, and in a June 18, 2000 e-mail to the plaintiff stated: “I am a resident of Saudi Arabia and there’s nothing anyone can do to me here.” The only contact that the defendant has had with the plaintiff is by e-mail through an account with Yahoo.com.
Plaintiff commenced the instant action for divorce on May 14, 2001. Following commencement, plaintiff’s counsel attempted to serve the defendant through Interserve, an international process server. In support of the application, an employee of Interserve avers that: “the only legal and acceptable method of service in the Kingdom of Saudi Arabia is pursuant to a procedure known as ‘Letters Rogatory * * * [which requires] the intervention of the government * * * and can require anywhere from twelve [12] to eighteen [18] calender months, on average to complete service.’ ” It is further alleged that since the defendant works and resides within a company owned compound, in-hand service would be virtually impossible, and an attempt to serve a member of the security force at the compound could result in criminal charges being brought against the process server.
A further attempt to serve the defendant has also proved fruitless. Parson’s Engineering, defendant’s employer, has refused to accept service of pleadings on behalf of the defendant, and has refused to allow their legal department to become involved in the assistance of service. Plaintiff now moves for an order from this court granting an extension of time to serve process, and for alternate service by e-mail.
Conclusions of Law:
This case presents a fascinating issue of first impression in the State of New York, to wit, whether, under the circumstances presented, personal service can be effected through e-mail. However, before the court can reach the issue of personal service, it must first determine whether an extension of time for service is warranted.
*693 A. Extension Pursuant to CPLR 306-b:
Civil Practice Law and Rules § 306-b provides, in pertinent part: “If service is not made upon a defendant within the time provided for in this section [120 days after the filing of the summons and complaint], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.” (Emphasis added.)
In the instant action, this court finds that the plaintiff exercised diligence in attempting to serve the plaintiff, first through his employer, and later through the services of an international process service. Further, the plaintiffs pleadings demonstrate a meritorious cause of action, and there has been no showing of prejudice by the defendant, who was served with the instant motion and defaulted in appearance. Further, any delay was occasioned not by plaintiff but by complicating factors inherent in serving process within the Kingdom of Saudi Arabia, as well as the unique circumstances of the plaintiff’s employment. Accordingly, this court grants plaintiff’s motion for an extension of time for service of process pursuant to Civil Practice Law and Rules § 306-b (see, e.g. Leader v Maroney, Ponzini & Spencer, 97 NY2d 95 [2001]; Campbell v Starre Realty Co., 283 AD2d 161 [1st Dept 2001]; Busler v Corbett, 259 AD2d 13 [4th Dept 1999]).
B. Service of Process by E-Mail:
Civil Practice Law and Rules § 308 (5) provides: “Personal service upon a natural person shall be made by any one of the following methods: * * * [5] in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.” It is well settled that: Fundamentally, a court is without power to direct expedient service pursuant to CPLR 308 (5) absent a showing by the moving party that service under CPLR 308 (1), (2) or (4) is impracticable (see, Dime Sav. Bank of N.Y. v Mancini, 169 AD2d 964). Although a showing of impracticability does not require proof of due diligence or actual attempts to serve a party under each and every method prescribed in CPLR 308 (see, Hitchcock v Pyramid Ctrs. of Empire State Co., 151 AD2d 837; Saulo v Noumi, 119 AD2d 657), the movant will be required to make a competent showing as to the actual prior efforts that were made to effect service (see, Markoff v South Nassau Community Hosp., 61 NY2d 283, 287 n 2; Porter v Porter, 227 AD2d 538, 539; Cooper-Fry v Kolket, 245 AD2d 846 *694 [3d Dept 1997]).[1] Further, the fact: “[t]hat the defendants reside [] in a foreign country [does] not, by itself, relieve the plaintiff of her obligation to make a reasonable effort to effectuate service in a customary manner before seeking relief pursuant to CPLR 308 (5).” (Tetro v Tizov, 184 AD2d 633, 635 [2d Dept 1992], citing LTD Trading Enters. v Vignatelli, 176 AD2d 571; Siegel, NY Prac § 75, at 99 [2d ed].)
As more fully set forth above, this court finds that the plaintiff in the instant action has, under the circumstances, made reasonable efforts to effect service both through Interserve and through the defendant’s employer, and that the record before this court demonstrates that service pursuant to Civil Practice Law and Rules § 308 (1), (2), (4) is impracticable.[2]
While the question before the court is one of first impression in New York, the effect of emerging technologies of the Internet on the common law of this state is not (see, e.g. Armouth Intl. v Haband Co., 277 AD2d 189 [2d Dept 2000]; Citigroup, Inc. v City Holding Co., 97 F Supp 2d 549, 570-571 [SD NY 2000] [applying CPLR 302] [long-arm jurisdiction and Web pages]; Firth v State of New York, 98 NY2d 365 [applicability of the single publication rule to defamation on the Internet]; Lunney v Prodigy Servs. Co., 94 NY2d 242 [1999] [liability of an Internet service provider for defamation]).
This court’s independent research has revealed two cases in which service of process by e-mail has been approved (see, Rio Props. v Rio Intl. Interlink, 284 F3d 1007 [9th Cir 2002]; In re International Telemedia Assoc., 245 BR 713, 717 [ND Ga 2000]). In Rio Props. v Rio Intl. Interlink (supra at 1017), the United States Court of Appeals for the Ninth Circuit approved a service of process by e-mail under Federal Rules of Civil Procedure, rule 4 (f) (3), observing:
*695 “To be sure, the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond. See Mullane, 339 U.S. at 314, 70 S.Ct. 652. In proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance. As noted by the court in New England Merchants, in granting permission to effect service of process via telex on Iranian defendants:
“Courts * * * cannot be blind to changes and advances in technology. No longer do we live in a world where communications are conducted solely by mail carried by fast sailing clipper * * * ships. Electronic communication via satellite can and does provide instantaneous transmission of notice and information. No longer must process be mailed to a defendant’s door when he can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut.” (Rio Props. v Rio Intl. Interlink, supra at 1017 [citation omitted].)
In defining e-mail, the Court of Appeals observed in Lunney v Prodigy Servs. Co. (supra at 248): “E-mail is the day’s evolutionary hybrid of traditional telephone line communications and regular postal service mail. As one commentator explained, ‘[t]o transmit a message, one must have access to an on-line service’s e-mail system and must know the recipient’s personal e-mail address’ ” (see, Luftman, Note, Defamation Liability for On-Line Services: The Sky is Not Falling, 65 Geo Wash L Rev 1071, 1081 [1997]). Once this is accomplished, a person may communicate by composing a message in the e-mail computer system and dispatching it telephonically (or through some other dedicated electronic line) to one or more recipients’ electronic mailboxes. A recipient may forward the message or reply in like manner. (Lunney v Prodigy Servs. Co., supra at 248 [1999].)
In the instant action, the defendant has, in essence, secreted himself behind a steel door, bolted shut, communicating with *696 the plaintiff and his children exclusively through e-mail.[3] While this court is cognizant of the concerns associated with service by e-mail, including the difficulty of verifying the defendant’s receipt of the message: it is hornbook law that a constitutionally proper method of effecting substituted service need not guarantee that in all cases the defendant will in fact receive actual notice (Dobkin v Chapman, 21 NY2d 490, 502). It suffices that the prescribed method is one “reasonably calculated, under all the circumstances, to apprise [the] interested parity] of the pendency of the action” (Mullane v Central Hanover Trust Co., 339 US 306, 314; Bossuk v Steinberg, 58 NY2d 916 [1983]; see also, Harkness v Doe, 261 AD2d 846, 847 [4th Dept 1999]). Here, the court finds that service directed to the defendant’s last known e-mail address, as well as service by international registered air mail and international mail standard, is sufficient to satisfy the due process requirements of Civil Practice Law and Rules § 308 (5).

. “Resort to CPLR 308 (5) is intended for ‘unpredictable circumstances,’ in which the inability to accomplish service via the other methods of service authorized by CPLR 308 warrants a more flexible method of service, as fashioned by the court in the exercise of its discretion, under the particular circumstances of the case.” (2 Weinstein-Kom-Miller, NY Civ Prac j[ 308.17, at 3-256.72.)

. It is important to note that: “Although the impracticability standard ‘ “is not capable of easy definition” ’ (Markoff v South Nassau Community Hosp., 91 AD2d 1064, 1065, affd 61 NY2d 283), it does not require the applicant to satisfy the more stringent standard of ‘due diligence’ under CPLR 308 (4), or to make a showing that ‘actual prior attempts to serve a party under each and every method provided in the statute have been undertaken’ (Kelly v Lewis, [220 AD2d 485, 485]; see also, Dobkin v Chapman, 21 NY2d 490; Tremont Fed. Sav. & Loan Assn. v Ndanusa, [144 AD2d 660]).” (Astrologo v Serra, 240 AD2d 606, 606 [2d Dept 1997].)

. “Indeed, the court authorized service was made by the very methods of communication preferred by Diaz in his communications with the trustee and others — transmission to his electronic mail account and facsimile transmission accessible through his electronic mail account.
“If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them. Moreover, communication by facsimile transmission and electronic mail have now become commonplace in our increasingly global society. The federal courts are not required to turn a blind eye to society’s embracement of such technological advances.” (In re International Telemedia Assoc., supra at 717.)