OPINION OF THE COURT
Charles J. Markey, J.
The legal issue posed in this motion to vacate a judgment, submitted without opposition, is whether service can be proper if made upon a private mailbox address.
In the present case, the parties were involved in a motor vehicle accident. The police report listed alternative addresses for the defendant. However, in serving the summons and complaint in this case, the plaintiff’s process server served defendant at the private mailbox he maintained at a commercial store named Express Repair, 2025 Stillwell Avenue, in Kings County, New York.
*621 The defendant did not appear for the trial of the case, and a judgment of $25,000 was entered in favor of the plaintiff. The defendant now seeks to vacate the judgment. The defendant’s motion to vacate argues that under no circumstance can a private mailbox ever be the appropriate place to serve process.
Judge David Elliot heard the defendant’s motion, without opposition, in Special Term, on November 14, 2002, and granted the relief solely to the extent of scheduling a traverse hearing for January 9, 2003, with the undersigned presiding on that date. Defense counsel appeared for the hearing, but neither plaintiff nor his counsel appeared. This court then took the motion papers on default for consideration.
This court’s research has revealed that the issue of whether service upon a private mailbox may constitute legitimate and satisfactory service has arisen in only one other American case, Wright v B & L Props., Inc. (113 Wash App 450, 53 P3d 1041 [2002]). In Wright, the plaintiffs, who purchased a house from defendant that proved to be poorly constructed, made numerous honest and reasonable attempts to find the defendant. When all efforts failed, they served him at his private mailbox. The court in Wright upheld the service on a private mailbox maintained by the defendant. The court stated that “reasonable diligence” does not require all conceivable or “exhaustive” means to locate a defendant (113 Wash App at 458-459, 53 P3d at 1045-1046). The court found that the vendor of the house used the private mailbox, even asking that mail be forwarded to him from the mailbox while he was allegedly out of the country.
In similar vein, the federal court in Rio Props., Inc. v Rio Intl. Interlink (284 F3d 1007, 1016 [9th Cir 2002]) upheld the service of process upon an international defendant accomplished by e-mail. The plaintiff had attempted to serve defendant by conventional means, but the defendant preferred communication only by e-mail. The federal appellate court held that such service did not even have to be reserved as a last resort; it simply permitted trial courts to consider all factors and circumstances in ruling on the propriety of any particular service.
A New York court, similarly, in Hollow v Hollow (193 Misc 2d 691 [Sup Ct, Oswego County 2002]), also upheld service upon an individual defendant by e-mail. In that case, the defendant husband had relocated to Saudi Arabia and, in fact, gloated: “[T]here’s nothing anyone can do to me here” (193 Misc 2d at 692). Attempts at in-hand service in Saudi Arabia *622 were shown to be impracticable and possibly physically dangerous for the process server. The husband’s employer refused to become involved (id.). The court in Hollow, holding that process could be served by e-mail pursuant to CPLR 308 (5), found that service directed to defendant’s last known e-mail address, as well as by international registered air mail and international mail standard, was sufficient to comply with due process requirements (id. at 696). As the court in Hollow properly analyzed: “[T]he defendant has, in essence, secreted himself behind a steel door, bolted shut, communicating with the plaintiff and his children exclusively through e-mail” (id. at 695-696).
Interestingly, the New York cases on service on a party at a post-office box or “P.O. box” rented by the United States Postal Service, represent a mixed lot (compare Michaelson v Hudson, 142 AD2d 560, 560 [2d Dept 1988] [service of process was defective where it consisted solely of mailing to P.O. box mailing, “and no explanation was suggested as to why the process was not affixed to the door of the defendant’s residence (CPLR 308 [4])”], with Mandel v Brodsky, 282 App Div 1038 [1st Dept 1953] [under former Civil Practice Act, substituted service by deposit of a copy of summons in post-office box pursuant to court order constituted valid service]).
Cases such as Wright, Rio Props, and Hollow show that innocent parties need not despair and judges do not have to twiddle their thumbs anxiously where an elusive party attempts to barricade itself from service of process. The law will follow in step in fashioning appropriate relief. This court thus agrees with the holding of the Washington State court in Wright and thus disagrees with defendant’s contention that service on a private mailbox can never be good service. If counsel were correct, then a person bent upon thwarting service, creditors, and other legitimate means of communication, could always hide behind the shield of a private mailbox.
Nevertheless, under the facts of the present case, the only salutary redress is to vacate the judgment. Plaintiffs counsel, despite being afforded repeated opportunities to defend the method of service employed, has failed to submit papers on this issue or to show attempts to find and secure the real residential or business address of the defendant and serve process there. As a result, the defendant’s motion to vacate the judgment is granted in all respects, and this court vacates any levies or restraints that may have been issued.